IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHOWTIME ON THE PIERS, INC., PORT PARTIES, LTD., and HNN CONSULTANTS, LTD.,<br><br>Defendants. | Civil Action No. 16cv3319<br><br>**COMPLAINT** |

Plaintiff Federal Insurance Company, by way of Complaint against Defendants Showtime on the Piers, Inc., Port Parties, Ltd., and HNN Consultants, Ltd., says:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff Federal Insurance Company ("Plaintiff") is a corporation organized under the laws of the State of Indiana with a principal place of business at 15 Mountain View Road, Warren, New Jersey 07061. Plaintiff is authorized to transact business in the State of New York.

2. Defendant Showtime on the Piers, Inc. ("Showtime") is a corporation organized under the laws of the State of New York with a principal place of business at 711 12th Ave., No. M107, New York, New York 10019.

3. Defendant Port Parties, Ltd. ("Port Parties") is a corporation organized under the laws of the State of New York with a principal place of business at 711 12th Ave., No. M107, New York, New York 10019.

4. Defendant HNN Consultants, Ltd. ("HNN") is a corporation organized under the laws of the State of New York with a principal place of business at 711 12th Ave., No. M107, New York, New York 10019.

5. Showtime, Port Parties and HNN are hereinafter collectively referred to as the "Defendants".

6. The amount in controversy between the parties is in excess of $75,000.

7. Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332.

## COUNT ONE
### (Breach of Contract)

8. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. Plaintiff issued a policy of insurance to Defendants under Policy No. 004 4724032 01 for the effective dates of April 24, 2012 to April 24, 2013 (the "2013 Policy").

10. Plaintiff issued a renewal of the 2013 Policy to Defendants under Policy No. 004 4724032 02 for the effective dates of April 24, 2013 to April 24, 2014 (the "2014 Policy").

11. The 2013 Policy and the 2014 Policy are collectively referenced as the "Policies".

12. The Policies are insurance contracts which provided insurance coverage for certain liabilities of the Defendants as set forth in the Policies in exchange for premiums.

13. Since initial premiums are based on estimated information, the Policies are subject to audit based on the actual exposure during the effective dates of coverage. These audits can result in additional premiums due to the insurer from the insured or return premiums due to the insured from the insurer.

14. The audit of the 2013 Policy produced additional premiums of $40,581 owed by Defendants to Plaintiff.

15. The audit of the 2014 Policy produced additional premiums of $173,161 owed by the Defendants to Plaintiff.

16. The audits of the Policies produced additional premiums of $213,742 owed by the Defendants to Plaintiff.

17. Plaintiff issued invoices and/or demands for payment of the additional audit premiums to Defendants and/or their insurance broker in a timely fashion.

18. Defendants failed and refused to remit payment of the $213,742 owed to Plaintiff.

19. The Defendants are currently indebted to Plaintiff in the amount of $213,742 due to their failure and refusal to remit payment of additional audit premiums.

20. Plaintiff has fulfilled its contractual obligations and provided the insurance coverage afforded by the Policies.

21. Plaintiff on numerous occasions prior to filing the instant litigation, demanded payment of the $213,742 owed by the Defendants to Plaintiff.

22. The Defendants, however, have failed and refused to remit payment of the $213,742 owed to Plaintiff.

23. The Defendants have breached the insurance contracts between the parties by their failure to remit payment of the audit premiums owed to Plaintiff.

24. The Defendants have failed, refused and continue to refuse to pay the balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $213,742, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in the amount of $213,742 as compensatory damages, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

## COUNT TWO
### (Unjust Enrichment)

25. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 7 as if fully set forth herein.

26. Plaintiff has provided insurance coverage and related services to the Defendants for which the Defendants have refused to pay and have been unjustly enriched thereby.

27. Plaintiff has repeatedly demanded that the Defendants remit payment of the amount due and owing to Plaintiff.

28. The Defendants have failed, refused and continue to refuse to pay the balance due and owing to Plaintiff thereby causing Plaintiff to suffer damages in the amount of $213,742, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in the amount of $213,742 as compensatory damages, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

## COUNT THREE
### (Account Stated)

29. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 24 as if fully set forth herein.

30. Plaintiff has provided insurance coverage and related services to the Defendants for which the Defendants have not remitted payment.

31. The Defendants, being indebted to Plaintiff in the sum of $213,742 upon an account stated between them, promised to pay Plaintiff said sum on demand.

32. Plaintiff, on numerous occasions prior to filing the instant litigation, demanded that the Defendants remit payment of the acknowledged account due and owing from the Defendants to Plaintiff.

33. The Defendants, however, have failed to pay the balance due and owing to Plaintiff thereby causing Plaintiff to suffer damages in the amount of $213,742, plus interest, attorneys' fees, and costs.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in the amount of $213,742 as compensatory damages, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiff
17 State Street, 34th Floor
New York, NY 10004
(212) 425-9300
eyablonsky@bressler.com

May 4, 2016
Dated

By: Evan Yablonsky (EY5924)